IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL ACTION

KAREN LEVITSKY,

    Plaintiff,

v.                                              CASE NO. 2022-CA-000750

SAM'S EAST, INC.,

    Defendant.
_____/

## DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES

DEFENDANT, SAM'S EAST, INC. (hereinafter "Sam's"), by and through its undersigned counsel, hereby files this Motion for Leave to Amend Answer and Affirmative Defenses, and as grounds states as follows:

1. Pursuant to Fabre v. Marin, 623 So. 2d 1182 (Fla. 1993), Sam's presently operative affirmative defense alleges the existence of Fabre defendants and reserves the right to amend in order to add Fabre defendants in accordance with ongoing discovery.

2. According to information gleaned from ongoing discovery, a single red grape is caused to be dropped by another customer two minutes and twenty-three seconds before Plaintiff's slip and fall. This female customer is responsible for creating the condition which ultimately led to Plaintiff's alleged injuries.

3. Accordingly, Sam's hereby moves the Court to grant leave to amend its presently operative affirmative defense regarding Fabre apportionment to add the female customer. Sam's proposed amended pleading is attached hereto as Exhibit "A".

4. Section 768.81(3)(a), Fla. Sta., provides as follows:

APPORTIONMENT OF DAMAGES – In cases to which this section applies, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability.

(a) In order to allocate any or all fault to a nonparty, a defendant must affirmatively plead the fault of a nonparty and, absent a showing of good cause, identify the nonparty, if known, or describe the nonparty as specifically as practicable, either by motion or in the initial responsive pleading when defenses are first presented, subject to amendment any time before trial in accordance with the Florida Rules of Civil Procedure.

5. Sam's hereby affirmatively pleads the fault of the female customer described herein and contends that it has described the nonparty as specifically as practicable pursuant to the Rules.

6. Florida Rule of Civil Procedure 1.190(a) provides that "[l]eave of court [to amend a pleading] shall be given freely when justice so requires." See also Kay's Custom Drapes, Inc. v. Garrote, 920 So. 2d 1168 (Fla. 3d DCA 2006) (reversible error to deny leave to amend to assert *Fabre* defense).

7. Permitting Sam's to amend its affirmative defense as requested will not prejudice the other party to the lawsuit, and therefore justice requires that leave to amend be granted. See Azemco (North America), Inc. v. Brown, 553 So. 2d 1245, 1246 (Fla. 3d DCA 1989)(where a party could not have been surprised or prejudiced by the pre-trial amendment of an answer to assert an affirmative defense, a trial court's denial of a motion for leave to amend constituted an abuse of discretion). On the other hand, denying leave to amend to identify the *Fabre* defendant will cause undue prejudice to Sam's by precluding the proper apportionment of liability or fault.

WHEREFORE, Defendant SAM'S EAST, INC., respectfully requests that the Court grant leave to file its Amended Answer and Affirmative Defense, as set forth

herein, and that Sam's Amended Answer and Affirmative Defense be deemed filed as of the date of an Order granting this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court using the E-Filing Portal System which will send a notice of electronic filing to the following:

Kristin Stocks, Esq.
Morgan & Morgan
12800 University Drive, Suite 600
Fort Myers, FL  33907-5349
Tel:  239-210-5352
Fax:  239-204-4089
kstocks@forthepeople.com
lpletcher@forthepeople.com
*Attorneys for Plaintiff*

this  23rd  day of September, 2022.

                HENDERSON FRANKLIN STARNES & HOLT PA
                Attorneys for Defendant, Sam's East, Inc.
                1715 Monroe Street
                Post Office Box 280
                Fort Myers, FL, 33902-0280
                Telephone: 239.344.1249
                Facsimile: 239.344.1542

                By: */s/ Amanda Ross*
                AMANDA ROSS, ESQUIRE
                Florida Bar No. 598666
                amanda.ross@henlaw.com
                tracey.salerno@henlaw.com

# EXHIBIT A

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
COLLIER COUNTY, FLORIDA                                    CIVIL ACTION

KAREN LEVITSKY,

    Plaintiff,

v.                                                    CASE NO. 2022-CA-000750

SAM'S EAST, INC.,

    Defendant.
_____/

### DEFENDANT SAM'S EAST, INC.'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, the Defendant, SAM'S EAST, INC., by and through its undersigned counsel, and for answer to Plaintiff's Amended Complaint and Demand for Jury Trial, states as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1. Admit for purposes of jurisdiction, deny any inference therefrom.

2. Unknown and therefore denied.

3. Admit Sam's East, Inc., is an Arkansas corporation licensed to do business in the State of Florida, and is the owner and in possession of the subject premises. The remainder of the allegation is denied.

4. Admit for purposes of this litigation only.

5. Based on information and belief, admit.

6. Based on information and belief, admit.

7. Admit Defendant owed a duty pursuant to Florida law. Otherwise, denied.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, SAM'S EAST, INC., an ARKANSAS CORPORATION, DEFENDANT

8. Defendant readopts and reavers paragraphs one (1) through seven (7) above as if fully set forth herein.

9. Admit Defendant owed a duty pursuant to Florida law. Otherwise, denied.

10. Denied, including all subparts.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

## AFFIRMATIVE DEFENSES

1. Defendant alleges that the sole and proximate cause of the damages alleged by Plaintiff was the carelessness and negligence of Plaintiff, or in the alternative, the carelessness and negligence of Plaintiff contributed to the cause of the accident, such that the negligence of all the parties, if any, should be compared.

2. Defendant alleges that any negligence of the Defendant, if any, was not the legal cause of any injuries allegedly suffered by the Plaintiff. By this affirmative defense, Defendant is in no way admitting to negligence on its part.

3. Defendant is entitled to a set-off of any contractual discount of medical bills or expenses, negotiated write-offs of medical bills or expenses, or negotiated agreements to pay medical bills or other expenses in the future, pursuant to the law of collateral source set-offs and Goble v. Frohman, 848 So.2d 406 (Fla. 2d DCA 2003). Alternatively, Plaintiff is not entitled to claim bills, costs, or expenses incurred but waived or not actually incurred by the Plaintiff.

4. Defendant affirmatively alleges that pursuant to Fla. Stat. §768.81, Plaintiff's damages were caused all or in part by other persons or entities over whom Defendant had no control, pursuant to <u>Fabre v. Marin</u>, <u>623 So.2d 1182</u> (Fla. 1993) and <u>Florida Statute §768.81</u>. Specifically, Defendant alleges that the Plaintiff's alleged damages were caused by the negligence of a non-party female customer of Walmart that dropped a single red grape approximately two minutes and twenty three seconds before Plaintiff's slip and fall. The female customer is depicted on the CCTV at 13:04:29 PM, in a gray shirt and black pants. The negligence of this female customer resulted in the damages sought by the Plaintiff in this matter.

5. Defendant alleges that Plaintiff has received payment from collateral sources.

6. The injuries and damages alleged by Plaintiff are the result of pre-existing medical conditions, and, accordingly, Defendant has no responsibility or liability for Plaintiff's claimed damages.

7. Defendant alleges that any recovery should be reduced or barred by Plaintiff's failure to mitigate the damages alleged in one or more of the following ways:

    (i) Failure to promptly obtain medical treatment;

    (ii) Failure to obtain proper medical treatment;

    (iii) Failure to follow medical advice;

    (iv) Failure to keep appointments.

8. The Plaintiff's recovery for medical damages is limited to only those medical expenses for which the Plaintiff has become liable; the Plaintiff may not blackboard the total amount of medical bills charged by medical providers where such providers accepted as full payment less than the actual charges. <u>Cooperative Leasing,</u>

Inc. v. Johnson, 872 So.2d 956 (Fla. 2d DCA 2004).

9. At all times material, there was a lack of actual and/or constructive notice and or/insufficient notice to the Defendant of any alleged dangerous condition as alleged by Plaintiff; and therefore, Defendant had a lack of opportunity to correct same.

10. At all times material Defendant had no actual or constructive notice of any alleged dangerous condition, therefore Defendant had no duty to warn Plaintiff of same.

11. The Plaintiff's recovery, if any, should be reduced by any free or low cost services from governmental or charitable agencies available to the Plaintiff. Florida Physician's Insurance Reciprocal v. Stanley, 452 So. 2d 514 (Fla. 1984).

12. Plaintiff's recovery for medical damages is limited to only those medical expenses for which the Plaintiff has become liable. Goble v. Frohman, 901 So. 2d 830 (Fla. 2005); Cooperative Leasing, Inc. v. Johnson, 872 So. 2d 956 (Fla. 2d DCA 2004).

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury on all issues triable as of right by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court using the E-Filing Portal System which will send a notice of electronic filing to the following:

Kristin Stocks, Esq.
Morgan & Morgan
12800 University Drive, Suite 600
Fort Myers, FL 33907-5349
Tel: 239-210-5352
Fax: 239-204-4089
kstocks@forthepeople.com
lpletcher@forthepeople.com
*Attorneys for Plaintiff*

this _____ day of September, 2022.

                            HENDERSON FRANKLIN STARNES & HOLT PA
                            Attorneys for Defendant, Sam's East, Inc.
                            1715 Monroe Street
                            Post Office Box 280
                            Fort Myers, FL, 33902-0280
                            Telephone: 239.344.1249
                            Facsimile: 239.344.1542

                            By: */s/ Amanda Ross*
                                AMANDA ROSS, ESQUIRE
                                Florida Bar No. 598666
                                amanda.ross@henlaw.com
                                tracey.salerno@henlaw.com